UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>           Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>           Defendants. | CASE NO. C20-6112 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Pierce County's motion to dismiss, Dkt. 5, Plaintiff Carolyn Sioux Green's motion for extension of time, Dkt. 7, Pierce County's motion to stay discovery, Dkt. 8, Defendants the United States and Department of Veterans' Administration's motion to dismiss, Dkt. 14, Green's motion to remand and cross-motion re the United States' motion to dismiss, Dkts. 19, 20, Defendant State of Washington's motion to dismiss, Dkt. 22, Green's cross-motion and response, Dkt. 23, and Green's motion to transfer, Dkt. 31. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows.

ORDER - 1

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Green's claims stem from a period of involuntary civil commitment occurring between June 1 and October 11, 2001. Dkt. 1-2 at 3. In general, she alleges that

> Civil commitment standards, protocols, guidelines, processes, and statues were not followed. The State of Washington, VA Puget Sound Health Care System, Deputy Prosecuting Attorney's, Court appointed attorney's, Court Clerk, and Superior Court Commissioners, ignored, and did not stay within the parameters of the law.

*Id.* at 20.[1] In particular, her allegations include that there were multiple missing and improper signatures on documents related to her commitment in the Pierce County Superior Court, that she was administered antipsychotic drugs against her will at Western State Hospital and the American Lake Veterans Hospital, and that VA medical providers contributed to her lack of access to appropriate civil commitment procedures. *Id.* at 4–9 (allegations such as "Shockingly, Dr. Nandan P. Kumar, VA Puget Sound Health Care Systems *attending psychiatrist*, show premeditation, and with prejudice, through his statement as reflected in the [VA] medical record . . . Undeniably bypassing any judicial decisions, process, actions, or for the respondent [Carolyn] to be heard by a neutral party within seventy-two-hours as required by law, and that never happened.").

Green also alleges a wide variety of state law violations, requests that the State Attorney General file a direct application to the Governor's office for a pardon and restoration of her firearm rights, and requests that the Pierce County Prosecutor file criminal charges "based on the facts and evidence presented the utter brazen grotesque

---

[1] The Court quotes Green's pleadings without alteration.

disregard for the rule of law" and contact the Drug Enforcement Administration regarding alleged illegal distribution of morphine by the VA. *Id.* at 21–22. She includes a list titled "State of Washington Violated" which cites twenty-plus state laws (primarily provisions of Washington's Involuntary Treatment Act, RCW Chapter 71.05), two provisions of the Washington Administrative Code, the First, Fifth, Eight, and Fourteenth Amendments, 42 U.S.C. § 1983, and 18 U.S.C. § 249, but does not specify what conduct corresponds to each alleged violation. *Id.* at 23. Green seeks "2B (two-billion-dollars), and to include non-monetary remedy, for unlawful imprisonment, maiming of the Plaintiff[']s brain, maiming of other body parts, loss of wages and economic value, loss of life, loss of liberty, loss of pursuit of happiness." Dkt. 10-1 at 10.

Green filed her complaint in the Pierce County Superior Court for the State of Washington on September 30, 2020. Dkt. 1-2. On November 12, 2020, Pierce County removed the matter to this Court. Dkt. 1. On November 19, 2020, Pierce County moved to dismiss for failure to state a claim. Dkt. 5. On November 23, 2020, Green moved for extension of time to respond. Dkt. 7.[2] On November 24, 2020, Pierce County moved to stay discovery. Dkt. 8. On November 27, 2020, Green responded to the motion to dismiss and the motion to stay. Dkt. 11.

On December 4, 2020, the United States and the VA moved to dismiss for lack of subject matter jurisdiction and for summary judgment. Dkt. 14. On December 14, 2020, Green moved to remand and filed a cross-motion for summary judgment. Dkts. 19, 20.

---

[2] Green subsequently timely filed her response, so the motion is denied as moot.

1   On December 15, 2020, the State moved to dismiss for failure to state a claim. Dkt. 22.

2   On December 16, 2020, Green filed a cross-motion and response. Dkt. 23. On December

3   19, 2020, Green filed two additional sets of documents titled "supplements." Dkts. 24,

4   25. On January 1, 2021, the United States replied to Green's response. Dkt. 27. On

5   January 4, 2021, the United States responded to Green's cross-motion and responded to

6   her motion to remand. Dkts. 28, 29.

7        Also on January 4, 2021, the State replied to Green's response to its motion to

8   dismiss, Dkt. 30, and Green moved to "transfer," asking the Court to consolidate this case

9   with two other federal cases, Dkt. 31. On January 19, 2021, the United States responded

10  to the motion to consolidate. Dkt. 32. On January 20, 2021, Green responded to the

11  State's motion to dismiss. Dkt. 33. On February 11, 2021, Green filed an untimely

12  surreply referencing each dispositive motion and asserting that the statute of limitations

13  on her claims should be equitably tolled. Dkt. 34.

14                           **II.   DISCUSSION**

15  **A.   Pierce County's Motions**

16       Pierce County has moved to dismiss, Dkt. 5, and to stay discovery, Dkt. 8.

17  Motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) may be based

18  on either the lack of a cognizable legal theory or the absence of sufficient facts alleged

19  under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

20  1990). Material allegations are taken as admitted and the complaint is construed in the

21  plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a

22  motion to dismiss, the complaint does not require detailed factual allegations but must

provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a local government can be held liable on a § 1983 claim only "when implementation of its official policies or established customs inflicts the constitutional injury." *Id.* at 708. A § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Pierce County asserts that generally, there are no allegations against it in the complaint at all, and specifically, there is no alleged practice or custom which could create liability under *Monell*, 436 U.S. at 691, or allegation of deliberate indifference as required to plead a constitutional violation. Dkt. 5 at 2. Pierce County is correct that Green's complaint invokes the County in two contexts: (1) alleging misconduct by Pierce County Superior Court judicial and prosecutorial personnel and (2) requesting that the Pierce County Prosecutor investigate and prosecute misconduct she alleges. *See, e.g.*, Dkt. 1-2 at 4 ("A Pierce County Superior Court Clerk, with the initials JB (J. Barnes) . . . the SAME PERSON, in a pretend capacity represented three different capacities, unlawfully RCW 9A.60.040"); *id.* at 6 ("Deputy Prosecuting Attorney Karen C. Calhoun . . .who did not sign, nor initial, the Notice & Order Fixing Time of Hearing for Involuntary Treatment for 14-days"); *id.* at 21–22 ("I am requesting (make a motion) to the Pierce County Prosecutor to file criminal charges based on the facts and evidence

presented the utter brazen grotesque disregard for the rule of law"). Neither of these contexts state a claim for which relief may be granted.

Pierce County may not be held vicariously liable for the actions of its employees, and Green makes no allegation that injury was caused by Pierce County's municipal policy or custom. *City of Canton*, 489 U.S. at 385–90; *Monell*, 436 U.S. at 708. To the extent Green seeks to hold Pierce County liable for official actions of judicial officers, prosecutors, or court staff, these defendants are immune from liability for the types of actions within their official roles Green alleges. *Giampa v. Duckworth*, 586 F. App'x, 284, 284 (9th Cir. 2014) (unpublished) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)) (prosecutors); *Stumps v. Sparkman*, 435 U.S. 349, 355–56 (1978) (judges); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012) (prosecutors absolutely immune for their advocacy and for administrative functions connected to the trial process which require legal knowledge and the exercise of discretion; prosecutors not necessarily immune for actions prior to advocacy like gathering evidence or providing legal advice to the police). And the doctrine of separation of powers prevents federal courts from ordering criminal prosecutions. *See Wayte v. United States*, 470 U.S. 598, 607 (1985).[3]

---

[3] Pierce County also seeks to dismiss Green's claims on the basis that they are a de facto appeal of her civil commitment in the Pierce County Superior Court under the *Rooker-Feldman* doctrine for which the Court lacks subject-matter jurisdiction. Dkt. 5 at 10–11. However, though Green complains of a legal wrong allegedly committed by the state court, the Court does not understand her to "'seek[] relief from the judgment of that court,'" which puts her claims outside the *Rooker-Feldman* doctrine. *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012)

1       Therefore, Green's claims against Pierce County are dismissed. Green has given

2 no indication that Pierce County's municipal policy or custom unrelated to the actions of

3 its judicial officers violated her rights, so because amendment would be futile as to her

4 claims regarding judicial or prosecutorial action, Green's claims against Pierce County

5 are dismissed without leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

6 1048, 1052 (9th Cir. 2003) (In the event the court finds that dismissal is warranted, the

7 court should grant the plaintiff leave to amend unless amendment would be futile.).

8       Pierce County also moved to stay discovery pending resolution of its motion to

9 dismiss. Dkt. 8. As the Court has now resolved the motion to dismiss, the motion is

10 denied as moot.

11 **B.**     **The United States and the VA's Motion to Dismiss and Green's Cross-Motion**

12       The Federal Defendants accurately identify Green's relevant claims as alleging

13 that her VA physicians violated her Fifth Amendment due process rights and potentially

14 that the VA violated her constitutional rights generally, as well as requesting that the

15 Drug Enforcement Administration investigate alleged illegal morphine distribution by the

16 VA. Dkt. 14 at 2–3 (citing Dkt. 1-2 at 8–9, 13, 22). The Federal Defendants seek to

17 dismiss Green's claims for a lack of subject matter jurisdiction.

18       A defendant may move to dismiss an action for lack of subject matter jurisdiction

19 under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack

20 may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

21 2004). "In a facial attack, the challenger asserts that the allegations contained in a

22 complaint are insufficient on their face to invoke federal jurisdiction." *Id*. The Court

1 | "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [after]
2 | [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the
3 | plaintiff's favor, the court determines whether the allegations are sufficient as a legal
4 | matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th
5 | Cir. 2014). A factual attack contests the plaintiff's factual allegations, which must be
6 | rebutted with competent proof under the same evidentiary standard used at summary
7 | judgment. *Id.* (citations omitted). The plaintiff bears the burden of alleging facts that are
8 | legally sufficient to invoke the court's jurisdiction, and the court may generally resolve
9 | factual disputes itself. *Id*. (citations omitted).

10 |     "It is axiomatic that the United States may not be sued without its consent and that
11 | the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*,
12 | 537 U.S. 488, 502 (2001) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).
13 | The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States'
14 | sovereign immunity and is the exclusive remedy for damages for injury or loss of
15 | property "resulting from the negligent or wrongful act or omission of any employee of
16 | the Government while acting within the scope of his office or employment . . . ." 28
17 | U.S.C. § 2679(b)(1).

18 |     "A tort claimant may not commence proceedings in court against the United States
19 | without first filing her claim with an appropriate federal agency and either receiving a
20 | conclusive denial of the claim from the agency or waiting for six months to elapse
21 | without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d
22 | 517, 519 (9th Cir. 1992) (quoting *Caton v. United States*, 495 F.2d 635, 638 (9th Cir.

1974)). The Ninth Circuit has "repeatedly held that this 'claim requirement of [28 U.S.C.] section 2675 is jurisdictional in nature and may not be waived.'" *Id*. (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)). Section 2671(a) of the FTCA requires the claimant to file both "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). A sum certain is required so that the agency can assess potential liability and settlement value for each claim. *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977).

To the extent Green claims medical malpractice against the VA, the Federal Defendants assert that Green never presented her complaint to the VA for resolution, citing a declaration from a VA paralegal specialist responsible for analyzing tort claims filed under the FTCA. Dkt. 14 at 7 (citing Dkt. 15, ¶¶ 4–5). Green counters that she mailed a box containing "state law violations; medical providers names; a flash-drive with proof of unlawful drug dispensing evidence and with the mismanagement of pharmacy data record keeping; perjured Court records" to (relevant to the Federal Defendants) the Director of the VA Puget Sound Health Care System on April 4, 2020, the VA Inspector General on April 9, 2020, the Secretary of the VA on April 20, 2020, and the U.S. Attorney General on June 23, 2020. Dkt. 20 at 4–6. However, Green also concedes in her motion to consolidate that she "learned of the Tort Claim filing jurisdictional prerequisite only days ago and has satisfied Defendant Department of VA,

USCG, and the State of Washington, thus the jurisdictional prerequisite was satisfied December 28–31, 2020." Dkt. 31 at 3–4.[4]

While the Ninth Circuit has explained that the prerequisite administrative claim need not be extensive and "a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court," *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002), the evidence Green has presented related to her mailing is insufficient to meet her burden to show that the mailing met the minimum filing requirements. *Warren*, 724 F.2d at 780; *Caidin*, 564 F.2d at 287. Moreover, she filed suit on September 30, 2020, fewer than six months after a mailing to any VA entity. Therefore, the Court lacks subject-matter jurisdiction over any claims asserted pursuant to the FTCA, and these claims are dismissed with prejudice and without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (particularly in civil rights cases, courts have an obligation to construe pleadings liberally and provide leave to amend with notice of a complaint's deficiencies unless it is absolutely clear complaint could not be cured by amendment); *see also Jerves*, 966 F.2d at 519 (FTCA claim filing requirement may not be waived).

To the extent Green intends to assert claims against the Federal Defendants based on the actions of her VA physicians, the Federal Defendants are correct that they are the only federal defendants named in the lawsuit and that damages actions under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), may

---

[4] USCG refers to the U.S. Coast Guard, a defendant in another lawsuit Green filed, Cause No. 20-1804-JLR, *Green v. United States Coast Guard, et al.*

only be brought against individual federal officers, not federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). It is possible (though quite unlikely) that Green could state a claim under *Bivens* against individual officers of the VA. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–58 (2017) (recognition of a *Bivens* action outside the three established contexts of a Fourth Amendment claim for arrest and search without warrant or probable cause and use of excessive force, a Fifth Amendment claim for gender discrimination, and an Eighth Amendment claim for failure to provide adequate medical treatment under the Cruel and Unusual Punishment Clause is disfavored).

While the Federal Defendants are correct that the statute of limitations for a *Bivens* claim in this case is three years, *Schwarz v. Meinberg*, 761 F. App'x 732, 735 (9th Cir. 2019) (citations omitted) (statute of limitations for a *Bivens* claim is equivalent to personal injury claim in the forum state; statute of limitations for personal injury claims in Washington is three years per RCW 4.16.080(2)), the possibility of tolling remains. Though it appears that Green's claims as pled fail to meet Washington's equitable tolling requirements, *see In re Bonds*, 165 Wn.2d 135, 141 (2008) (en banc) (citing *Millay v. Cam*, 135 Wn.2d 193, 206 (1998)) (equitable tolling permitted when justice requires and predicates of bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff are met), it is also possible Green could allege tolling due to incapacity, *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 268 (2008) (en banc) (statute of limitations may be tolled when person meets substantive standard for incapacity). In *Rivas*, the Washington Supreme Court held that for tolling to apply, a plaintiff must demonstrate that she was incapacitated at the time her cause of action

1  accrued, and that she was incapacitated to an extent that she could not understand the

2  nature of the proceedings. *Id*.

3        This doctrine appears to track more closely with Green's apparent basis for tolling.

4  *See* Dkt. 34 at 3 (Plaintiff "states that said delays (brain impairment and with physical

5  injuries) and (retrograde memory) were extraordinary and out of her control . . . ."). As

6  Green's primary claims against specific actors at the VA appear to date to 2001, any

7  amended complaint would need plead facts showing incapacitation for approximately 17

8  years, as well as plead specific facts showing how specific individuals caused the

9  deprivation of her constitutional rights. Therefore, as it is not clear that any amendment

10  would be futile, and these claims are also dismissed, but Green is granted leave to amend.

11        Finally, to the extent Green requests that the Drug Enforcement Administration

12  investigate alleged illegal distribution of morphine by the VA, Dkt. 1-2 at 22, as noted,

13  federal courts may not order criminal investigations.

14        Green's response, styled as a cross-motion for summary judgment, simply

15  reiterates the claims in her complaint and does not discuss the summary judgment

16  standard, and does not address the State's motion. Dkt. 20. Green entirely fails to

17  establish that there is no dispute of material fact or that she is entitled to judgment as a

18  matter of law as to any additional claims not discussed. *Celotex Corp. v. Catrett*, 477

19  U.S. 317, 323–25 (1986). Therefore, Green's motion is denied.

20  **C.     Green's Motion to Remand**

21        Green moves to remand, arguing that Pierce County improperly removed this case

22  by "cherry pick[ing] from Plaintiffs complaint while in whole ignoring the grotesque

state law violations starting with Superior Court of Pierce County." Dkt. 19. While Green does allege many state law violations, she also alleges violations of the First Amendment, the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, as well as violation of 18 U.S.C. § 249, the Hate Crimes Prevention Act, and alleges claims against the United States and the VA. *See, e.g.*, Dkt. 1-2 at 23. Claims brought pursuant to § 1983 invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, and federal courts have exclusive jurisdiction over claims pursuant to the FTCA per 28 U.S.C. § 1346(b)(1).

A district court's decision whether to exercise supplemental jurisdiction over related state law claims after dismissing every claim over which it had original jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). This is true even though in the usual case, the balance of factors points toward declining jurisdiction over remaining state law claims when all federal law claims are eliminated before trial. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966),] values 'of economy, convenience, fairness, and comity.'" *Id*. (citations omitted). As the Court has

already considered the claims in this case, and Green's filings are complex, the Court concludes that remanding would not promote judicial economy.

**D.    The State's Motion to Dismiss and Green's Cross-Motion**

Green's allegations against the State include that "the State of Washington, through Superior Court Commissioner, Mark L. Gelman . . . knowingly, permitted a sole non-neutral individual, John M. Haroiain, the complete right to unlawfully imprison Carolyn, and proceed with force drugging, against her will" and that "the State of Washington's miscarriage of justice, through Superior Court Commissioner, H. Edward Haarmann . . . sanctioned the Petition for a 90-day, with *no* initial nor a signature on said 90-day Notice & Order." Dkt. 1-2 at 6, 12. She also states that she "make[s] a Motion to compel the State of Washington to *present the evidence* for the *required* Petition, and *required* Court order for the administration of antipsychotic medication," asserting that neither this petition nor the "*required* Twenty-Four Hour Medication Notice RIGHT TO REFUSE Antipsychotics Prior to a Court Hearing" can be located in the relevant court records. *Id*. at 20. Her pleadings also allege involuntary administration of medication during her detention at Western State Hospital.

The State moves to dismiss on four bases: (1) that the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), (2) that the statute of limitations has run on these claims, (3) that the State is not a "person" subject to suit under § 1983, and (4) that Green filed an identical complaint against the State in the Pierce County Superior Court on the same day as the complaint in this case and has thus improperly split her claims. Dkt. 22 at 1–2.

As to Green's claims for violation of her constitutional rights brought pursuant to § 1983, the State is correct that it is not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Moreover, as to Green's claims based on actions of Superior Court Commissioners, the State is correct that they fail to state a claim as judicial officers are immune from liability. *Giampa*, 586 F. App'x, at 284 (citing *Stumps*, 435 U.S. at 355–56). Therefore, the State's motion to dismiss is granted to the extent Green alleges violation of her constitutional rights against the State under § 1983, and leave to amend is denied as amendment would be futile. *Akhtar*, 698 F.3d at 1212.

However, individuals who allegedly harmed Green during her commitment at Western State Hospital may be proper defendants under § 1983. Green would have to allege facts showing these individuals acted under color of law and personally did something or failed to do something they were legally required to do, causing a deprivation of Green's constitutional rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). While claims pursuant to § 1983 would be subject to a three-year statute of limitations, *see Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017), as noted in the Court's discussion of the Federal Defendants' motion, Green seeks to toll the statute of limitations. Therefore, as any amendment of Green's claims is not clearly futile, the Court grants leave to amend.

Green also alleges that the State violated a variety of provisions of the Involuntary Treatment Act, RCW Chapter 71.05. Dkt. 1-2 at 23. The Court will not *sua sponte*

evaluate the validity of these claims, but notes that RCW 71.05.120(1) provides that the state shall not be liable "for performing duties pursuant to this chapter with regard to the decision of whether to admit, discharge, release, administer antipsychotic medications, or detain a person for evaluation and treatment: PROVIDED, That such duties were performed in good faith and without gross negligence[.]" Potentially relevant to violations of the ITA, Green alleges misconduct by providers at Western State Hospital. *See* Dkt. 1-2 at 5 ("a medical provider, from Western State Hospital, filled out the form for the respondent [Carolyn] and checked for the respondent [Carolyn], to agree to remain under medication as prescribed in which [Carolyn] disagreed, no informed consent, and in her sloppy heavily forced-drugged stuporous condition, hand wrote "No prescription drugs please xo."). The Court also notes that Green provides a response she received from the State's Department of Enterprise Services, Office of Risk Management, indicating that she filed a claim with the State on January 5, 2021, making allegations against the Thurston and Pierce County Superior Courts. Dkt. 33 at 4. Therefore, while it is possible that Green's state law claims fall afoul of RCW 4.92.110's requirement that actions subject to the state claim filing requirements not be commenced until sixty days after presentation to the Office of Risk Management, this issue is not briefed.

Regarding claim splitting, the State is correct that the allegations against it in a case filed in the Pierce County Superior Court, Civil Case 20-2-07851-0, *Green v. State of Washington*, are identical to the allegations against it in the instant case. The State argues that the Court should dismiss the instant case to avoid costly piecemeal litigation.

Dkt. 22 at 7. The docket in the Pierce County Superior Court reflects that the case was dismissed on January 22, 2021 without trial. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quotation omitted). If the Superior Court case reached a final judgment on the merits, the Court would consider whether the instant claims are barred by res judicata. Therefore, the State's motion is denied without prejudice as to Green's state law claims. If Green chooses to file an amended complaint, she is instructed that she must reassert any claims she wishes to pursue against the State in the amended complaint so that they remain an active part of this case.

Additionally, though Green's response is titled a cross-motion for summary judgment, similar to her response to the Federal Defendants, she discusses her claims but entirely fails to establish that there is no dispute of material fact as to her claims or that she is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323–25. Therefore, Green's motion is denied.

**E.    Green's Motion to Transfer**

Green titles her motion one for transfer, but the motion requests that the Court consolidate two other federal cases where Green is the plaintiff with the instant case. Dkt. 31. The other cases are No. 20-6206-RJB, *Green v. Mason General Hospital, et al.*, and No. 20-1804-JLR, *Green v. United States Coast Guard, et al. Id.* She explains that her intent is for "[t]he non-federal Defendants (State of Washington, Pierce County, Mason General Hospital, etc.) in said Federal cases will be delivered to the one-state-case

determined when the Washington State Supreme Court rules on the motion to consolidate," referencing two cases in state court. *Id*. at 2.

The Federal Defendants oppose consolidation on the basis that the Court lacks subject matter jurisdiction and on the basis that the other suits pending in federal court pertain to different primary fact patterns. Dkt. 32 at 2–3. Federal Rule of Civil Procedure 42 permits, but does not require, a court to consolidate or join for hearing or trial actions before it involving a common question of law or fact. The complaint in No. 20-6206-RJB, *Green v. Mason General Hospital, et al.*, focuses on emergency services received from the Central Mason Fire Department and treatment at Mason General Hospital, appearing to allege improper treatment of Green's mental health condition and disregard of her physical injury. Dkt. 16. The complaint in No. 20-1804-JLR, *Green v. United States Coast Guard, et al.*, focuses on an injury Green sustained while serving in the United States Coast Guard, appearing to allege improper treatment of the injury and improper recognition of the injury when she was honorably and medically retired. Dkt. 1-2 at 2–3. The Court finds that consolidating these proceedings with their additional fact patterns and additional defendants would not further judicial economy, and therefore Green's motion is denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Pierce County's motion to dismiss, Dkt. 5, is **GRANTED**, Green's motion for extension of time to respond, Dkt. 7, is **DENIED as moot**, Pierce County's motion to stay discovery, Dkt. 8, is **DENIED as moot**, the United States and the VA's motion to dismiss, Dkt. 14, is **GRANTED**, Green's motion to

1  remand, Dkt. 19, is **DENIED**, Green's cross-motion re the United States and the VA's

2  motion to dismiss, Dkt. 20, is **DENIED**, the State's motion to dismiss, Dkt. 22, is

3  **GRANTED in part** and **DENIED in part**, Green's cross-motion re the State's motion to

4  dismiss, Dkt. 23, is **DENIED**, and Green's motion to transfer, Dkt. 31, is **DENIED**. The

5  Clerk may terminate Pierce County, the United States, and the VA as defendants.

6      Green may choose to file an amended complaint naming specific individuals at the

7  VA or Western State Hospital, alleging specific facts showing the harms she alleges they

8  caused her, alleging specific facts to support her basis for tolling the statute of limitations,

9  and re-alleging any state law claims she wishes to pursue against the State, as detailed in

10 this order. Any amended complaint should be filed no later than March 19, 2021. If

11 Green does not file an amended complaint, this case will only go forward on her claims

12 against the State which are not dismissed in this order.

13     Dated this 16th day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge