UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. C20-6112 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Caroline Sioux Green's Motion to Re-Open to Satisfy the Supreme Court of the United States and the Ninth Circuit, Dkt. 121, Green's Motion for Joinder, Dkt. 124, Green's Motion to Consolidate, Dkt. 125, and Green's Motion to Consolidate and or Joinder, Bankruptcy case, Dkt. 131.

Green sued in September 2020, alleging that a variety of defendants violated her rights in 2001, when she was involuntarily civilly committed. *See generally* Dkt. 1-2. In 2021, Green voluntarily dismissed this case and the Court entered a judgment. Dkts. 119 and 120. She filed a similar case asserting tort claims arising from the same 2001 involuntary commitment, *Green v. United States, et al*., Cause No. 21-cv-1276 RAJ. *See* Dkt. 1. In that case. Judge Richard Jones dismissed that second case with prejudice as

ORDER - 1

time-barred, Dkt. 253. Green attempted to appeal, Dkt. 255, but the Ninth Circuit noted that Green's motion for reconsideration was still pending in District Court. Dkt. 276. Judge Jones denied the motion for reconsideration. Dkt. 281. It is not clear whether Green is now pursuing her appeal in that case. According to the Court's CM/ECF docket, that case, like this one, has been dismissed and is closed.

Nevertheless, Green's motions in this case seem to suggest that she seeks to re-open this case to "satisfy" the Supreme Court and the Ninth Circuit, Dkt. 121, to "join" in this case several medical providers she alleges are responsible for her commitment, Dkt. 124, and to consolidate this dismissed case with Judge Jones's case, Dkt. 125. Her most recent motion references consolidating this closed case with a bankruptcy case she is hoping to file in Arizona. Dkt. 131 at 1. She concedes such an action would be "unprecedented." *Id*. at 4.

Green's filings are difficult to follow. It is not clear that Green has a case pending with the Supreme Court. Nor is it clear why it is necessary for this Court to reopen Green's case in order for the Supreme Court to proceed with her alleged claim before it. And it is not clear why she believes that the United States Supreme Court or the Ninth Circuit would be "satisfied" if this case were re-opened.

The United States opposes re-opening this long-closed case, pointing out that Green has not identified any basis or purpose for doing so, and further asserting that Judge Jones already denied a similar request in his case. It argues that Green effectively asks this Court to overrule Judge Jones's decision. Dkt. 122 at 3.

|   |   |
|---|---|
| 1 | Green's reply does not clarify the issues. She asserts that her current goal is to |
| 2 | restore her "firearm rights" in each state other than Washington (which apparently |
| 3 | restored her rights in 2019). Dkt. 125 at 2. This claim is wholly unrelated to the claims in |
| 4 | this case. Green's reply also appears to complain about ongoing, unexplained |
| 5 | proceedings in state court. *Id*. at 3. |
| 6 | But this Court cannot and will not review or reverse decisions made in state court. |
| 7 | The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining |
| 8 | of injuries caused by state-court judgments . . . and inviting district court review and |
| 9 | rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. |
| 10 | 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district |
| 11 | court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and |
| 12 | seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de |
| 13 | facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *see also Carmona v.* |
| 14 | *Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008). If and to the extent Green asks this Court |
| 15 | to reverse or otherwise undo or interfere with a state court proceeding, this Court has no |
| 16 | jurisdiction to do so. |
| 17 | Green has identified no basis and no purpose in re-opening this case, or combining |
| 18 | it with a different closed case, or with a future bankruptcy case in a different jurisdiction. |
| 19 | Her motions are **DENIED**. The case remains closed. |
| 20 | **IT IS SO ORDERED**. |
| 21 | // |
| 22 | // |

1   Dated this 8th day of September, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4